PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
DEC -6 2006
MARY L.M. MORAN
CLERK OF COURT

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender   **Michael F. Atendido**            Case Number: **CR 99-00020-001**

Name of Sentencing Judicial Officer:   Alex R. Munson, Designated Judge

Date of Original Sentence:   June 6, 2002

Original Offense:   Conspiracy to Distribute Crystal Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Original Sentence:   87 months imprisonment followed by 60 months of supervised release with conditions that he: comply with the mandatory and standard conditions of supervised release; abstain from the use of any and all alcohol beverages; perform 300 hours of community service; participate in drug treatment and testing; obtain and maintain gainful employment; continue to support his dependents; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release            Date Supervision   June 11, 2005

## PETITIONING THE COURT

☐   To extend the term of supervision _____ years, for a total term _____ years.

☒   To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Michael F. Atendido's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Atendido's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender.

To address the implications of United States v. Stephens Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Atendido's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Atendido is in full compliance with his conditions of supervised release. He completed the drug treatment and testing program on February 1, 2006 and completed the 300 hour community service order on March 25, 2006. In addition, Mr. Atendido maintains employment as a Grip for Island Grip Service. He submitted to mandatory DNA collection on September 15, 2005, and paid the $100 special assessment fee on December 9, 1999. Mr. Atendido has submitted all monthly supervision reports to date.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Atendido's consent to the modification.

Reviewed by: ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: DEC. 1, 2006

Respectfully submitted,
by: ROBERT I. CARREON
U.S. Probation Officer
Date: 12/1/06

**THE COURT ORDERS**

[ ] No Action

[ ] The Extension of Supervision as Noted Above.

[✓] The Modification of Conditions as Noted Above.

[ ] Other    Issuance of a:   [ ] Summons    [ ] Warrant

FRANCES TYDINGCO-GATEWOOD
Chief Judge
District of Guam

10/5/06
Date

RECEIVED
DEC - 4 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

I agree to the modification of my supervised release conditions to include the following conditions:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Witness: __Robert I. Carreon__　　　　Signed: __Michael Atendido__
　　　　　U.S. Probation Officer　　　　　　　　Probationer or Supervised Releasee

__4.3.06__
Date